UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                            )
ANTHONY MERRILL,                            )
                                            )
                    Plaintiff,              )        Civil Case No.  1:22-cv-00037-PB
v.                                          )
                                            )
ONEMAIN FINANCIAL GROUP, LLC.,              )
ONEMAIN FINANCIAL GROUP, P.C.,              )
RATCHFORD LAW GROUP, P.C.                   )
                                            )
                    Defendants.             )
_____)

**DEFENDANTS ONEMAIN FINANCIAL GROUP, LLC'S AND
ONEMAIN FINANCIAL GROUP, P.C.'S MEMORANDUM
OF LAW SUPPORTING THEIR MOTION TO DISMISS**

Defendants, OneMain Financial Group, LLC and OneMain Financial Group, P.C.

(collectively, "OneMain"), move to dismiss Count I of Plaintiff's Complaint because Plaintiff

has already litigated in a State court and lost on the issue of arbitrability, he has already waived

any right to arbitration, and this Court lacks jurisdiction over the purported subject matter.

Plaintiff's claims in Count II, seeking relief under the Fair Debt Collection Practices Act

("FDCPA"), also must be dismissed because OneMain are not debt collectors as defined by the

FDCPA and Plaintiff's claims rely on provisions of the FDCPA which apply only to debt

collectors.

**I.**

**The Heart of Plaintiff's Present Action Has Been Decided by and
Remains Pending Before the Rockingham County Superior Court**

On May 23, 2018, Plaintiff executed a promissory note for a personal loan from Defendant OneMain Financial Group, LLC ("OneMain LLC").[1] After July 1, 2019, Plaintiff ceased making his monthly payments.[2] On June 1, 2020, OneMain LLC filed a complaint in Rockingham County Superior Court for the outstanding balance due, plus court costs.[3] On June 18, 2020, Plaintiff Merrill was personally served with the State-court complaint, but he neglected to appear.[4] On July 21, 2020, the State court entered a default against Plaintiff.[5] On September 21, 2020, Rockingham County Superior Court Judge Daniel St. Hilaire entered final judgment.[6]

A hearing was held following OneMain LLC's motion for periodic payments.[7] Without filing an appearance, Plaintiff's current counsel argued for the Plaintiff at the hearing. Without filing formal motions, Plaintiff orally moved to stay the State court proceeding and moved to compel arbitration. Judge St. Hilaire denied the motion to stay and denied the motion for arbitration, on the basis that an order of final judgment had already been entered by the court.[8]

Plaintiff's fully presented his argument for arbitration, as is described in the Order:

> [Merrill's counsel] proceeded to argue with the Court after the
> ruling and the Court reiterated its ruling. [Merrill's] counsel then

---

[1] See Exhibit A, "Loan Agreement and Disclosure Statement" dated May 23, 2019, referred to in Plaintiff's Complaint as "the promissory note defining Mr. Merrill's relationship with OneMain Financial Group." Pl. Compl. at ¶ 12. Plaintiff's Complaint quotes from the document at ¶ 12(b)-12(c) and refers to document throughout, including at ¶¶ 12, 16-19, 22, 25, 31, 33, and 37, so it is proper for this Court to consider it for purposes of this Motion. See Zenon v. Guzman, 924 F.3d 611 (1st Cir. 2019) ("Courts may consider, on a motion to dismiss, documents . . . incorporated into the complaint.") (citing Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012))

[2] See Exhibit B, "Complaint, OneMain Financial Group, LLC v. Merrill, No. 218-2020-CV-619 (Rockingham Cnty. Super. Ct., June 1, 2020)," at ¶ 7. Chalifoux v. Chalifoux, 701 F. App'x 17, 19 (1st Cir. 2017) (In a Rule 12(b)(6) motion to dismiss, a court may "look to statements made . . . in previous, but related, court proceedings."); Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008) ("[a] court may consider matters of public record in resolving a Rule 12(b)(6) motion to dismiss," which "include documents from prior state court adjudications.") (quotations omitted).

[3] Id.

[4] See Exhibit C, "Return of Service" dated June 18, 2020, and Exhibit D, "Notice of Default, No. 218-2020-CV-619 (Rockingham Cnty. Super. Ct., July 21, 2020)." See supra note 2.

[5] See Exhibit D supra note 4.

[6] See Exhibit E, "Order on Motion for Entry of Final Judgment, No. 218-2020-CV-619 (Rockingham Cnty. Super. Ct., Sept. 21, 2020" (hereafter, "Final Judgment"). See supra note 2.

[7] See Exhibit F, "Order, No. 218-2020-CV-619 (Rockingham Cnty. Super. Ct., Oct. 20, 2021). See supra note 2.

[8] Id.

> proceeded to argue a third time. The Court reminded [Merrill] that a ruling was made and he needed to upload the motion. [Merrill] proceeded a fourth time."

Id. at pp. 1-2. Later in the hearing, during a discussion over monthly payments, Plaintiff's counsel "then proceeded to bring up arbitration again," a fifth time. Id. at p. 2.

On November 4, 2021, Plaintiff filed a motion to reconsider, again arguing that the dispute was arbitrable.[9] On November 17, 2021, Judge St. Hilaire denied Plaintiff's Motion to Reconsider.[10] On December 1, 2021, OneMain filed in the State court a motion for contempt for non-compliance with payment order.[11] In a typographical error, the motion was captioned as if the movant were "OneMain Financial Group, P.C." rather than OneMain Financial Group, LLC.[12] No entity named "OneMain Financial Group, P.C." exists, nor was OneMain Financial Group, P.C. the proper party to the underlying debt or the State court litigation. On December 14, 2021, Plaintiff filed an Objection to the motion for contempt, stating that "Mr. Merrill has consistently requested arbitration in this matter and is not willfully violating any court order. He intends to seek relief in Federal Court and asks the honorable court to stay this matter for a reasonable time so that he may seek such relief."[13] A hearing was held on Defendants' Motion for Contempt, at which Plaintiff again raised the issue of arbitration,[14] as described in the State court's Order: "Defense counsel did not provide an explanation as to why his client was not paying the Court order aside from stating that the parties should be forced to arbitrate . . . . The

---

[9] See Exhibit G, "Motion to Reconsider, No. 218-2020-CV-619 (Rockingham Cnty. Super. Ct ., November 4, 2021)" See supra note 2.
[10] See Exhibit H, "Motion to Reconsider Denied, No. 218-2020-CV-619 (Rockingham Cnty. Super. Ct ., November 17, 2021)," p. 2. See supra note 2.
[11] See Exhibit I, "Motion for Contempt for Non-Compliance with Payment Order, No. 218-2020-CV-619 (Rockingham Cnty. Super. Ct., Dec. 1, 2021) See supra notes 1-2.
[12] Id.
[13] See Exhibit J, "Objection to Motion for Contempt for Non-Compliance with Payment Order, No. 218-2020-CV-619 (Rockingham Cnty. Super. Ct., Dec. 14, 2021), at ¶ 5. See supra note 2.
[14] See Exhibit K, "Order, No. 218-2020-CV-619 (Rockingham Cnty. Super. Ct., Feb. 2, 2022) at ¶ 1-2. See supra note 2

Court again explained to counsel that this is a final judgment and the time to mediate and/or arbitrate has long since expired." Id.

The parties' actual case, to collect the money owed by Plaintiff, remains pending before Rockingham County Superior Court. Plaintiff is presently subject to an order requiring him to make periodic payments. At no point did Plaintiff move to strike the default judgment entered by the State court. At no point has Plaintiff sought an appeal through the New Hampshire court system.[15] At no point did Plaintiff seek to remove the state action to this Court.

## II.
## Plaintiff Has Waived Any Right to Arbitration

As described above, Plaintiff did not request arbitration of any claims with Defendants until more than a year after the entry of final judgment, and sixteen months after receiving personal service of OneMain LLC's complaint in June 2020. Plaintiff has not explained this delay. Furthermore, Plaintiff has not moved to strike the Final Judgment, and does not provide a basis in law for arbitrating a claim which has already been extinguished and merged into the Final Judgment. On the contrary, "prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate." FPE Found. v. Cohen, 801 F.3d 25, 30 (1st Cir. 2015) (quoting 1 Domke on Commercial Arbitration § 23:6 (2014)).

"[A]n arbitration provision has to be invoked in a timely manner or the option is lost." Tyco Int'l (U.S.) Ltd. v. Swartz, 442 F.3d 41, 44 (1st Cir. 2005) (quoting Rankin v. Allstate Ins. Co., 336 F.3d 8, 12 (1st Cir. 2003)). In FPE Found., the First Circuit described six factors to consider in assessing whether a party has waived arbitration:

> (1) whether the parties participated in a lawsuit or took other action inconsistent with arbitration; (2) whether the litigation machinery

---

[15] See Chalifoux at 19 ("a court may consider matters of public record when dismissing a complaint on the basis of an affirmative defense."). This Motion to Dismiss includes the affirmative defenses of claim and issue preclusion. See infra Part III.

> has been substantially invoked and the parties are well into preparation of a lawsuit by the time an intention to arbitrate is communicated; (3) whether there has been a long delay and trial is near at hand; (4) whether the party seeking to compel arbitration has invoked the jurisdiction of the court by filing a counterclaim; (5) whether discovery not available in arbitration has occurred; and, (6) whether the party asserting waiver has suffered prejudice.

Id. at 29 (quotations and brackets omitted). As in nearly all caselaw addressing waivers of arbitration, the assumption embedded into the above factors is that one party is attempting to remove a live claim into arbitration. Here, Plaintiff seeks to reanimate a resolved matter—without having even disputed the validity of that resolution—using a procedure created to reduce litigation expense and uncertainty. Nevertheless, applying the above six factors to Plaintiff's petition for an order to compel arbitration demonstrates that Plaintiff has waived any right to arbitration.

Satisfying the first factor, Plaintiff "took . . . action inconsistent with arbitration," by failing to assert arbitration as a defense to ignoring OneMain LLC's June 2020 complaint.

The second factor suggests that it may be too late to invoke arbitration if "the parties are well into preparation of a lawsuit." Entry of a default judgment by the State court established as true and founded all facts in OneMain LLC's state-court complaint, so there was no avenue to litigate any factual dispute after July 21, 2020, nearly two years ago.  Given that litigation over the claim had already concluded when Plaintiff first raised arbitrability, the parties are now well beyond the stage contemplated by this FPE Found. factor.

The third factor is met because there was a long delay of sixteen months between the date that Plaintiff was served the June 2020 complaint and the date that arbitration was first raised. The third factor suggests that a "long delay" might be one in which the party seeking arbitration waited until "trial is near at hand." As with the second factor, this reflects the assumption that

reasonable requests to arbitrate would not be made in the midst of trial, not to mention a year after the end of litigation.

The fourth and fifth factors are not applicable to Plaintiff's demand for arbitration. The fourth factor applies only where the party seeking arbitration is the respondent in the federal action, and the fifth factor applies if "discovery not available in arbitration" exists, which it did not in the matter Plaintiff seeks to arbitrate.

The sixth factor looks at whether the party opposing arbitration has suffered prejudice. Defendants have clearly suffered prejudice, including delay and the expense of responding to this new, second litigation. "Arbitration is not meant to be another weapon in the arsenal for imposing delay and costs in the dispute resolution process." Tyco at 47 (quoting Menorah Ins. Co. v. INX Reins. Corp., 72 F.3d 218, 222 (1st Cir. 1995)).

The State court properly concluded, as should this Court, that Plaintiff waived the arbitration provision in the underlying loan document.  This Court should dismiss Plaintiff's Complaint on that basis.

**III.**
**Plaintiff's Claims Are Barred by Claim and Issue Preclusion**

A.  Application of Claim and Issue Preclusion

Count I (See Pl. Compl. at ¶ 20-26) seeks to arbitrate claims extinguished by and merged into the Final Judgment issued by the State court.[16] Those claims are barred by claim preclusion. To the extent that Plaintiff also seeks arbitration of any claims which *could* have been raised in the original 2020 litigation, which ended in the Final Judgment, those claims are barred by claim preclusion as well. Furthermore, to the extent that any of Plaintiff's claims in Count II—such as

---

[16] See Exhibit E.

those at Pl. Compl. ¶¶ 29 and 37, neither of which specify a time frame—could have been raised in the original 2020 litigation, those claims are also barred by claim preclusion.

To the extent that Count I could be understood, if at all, to seek arbitration of unspecified claims which could not have been raised in the 2020 litigation, issue preclusion bars relitigation of the arbitrability of any such claims, because Plaintiff has actively sought, more than one year after entry of Final Judgment, State Court orders to compel arbitration and the State court denied those requests.[17]

B.  New Hampshire Law Determines the Preclusive Effect of the Prior State Proceedings

When determining whether a prior state court judgment precludes a claim or issue from being relitigated in federal court, the federal court must apply the claim or issue preclusion law of the state from which the prior state court judgment was issued. Full Faith and Credit Act, 28 U.S.C. § 1738 (judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."). See Moss v. ResCap Borrower Claims Trust, 2016 U.S. Dist. LEXIS 72772 (S.D.N.Y. June 2, 2016) ("a federal court must give a state court judgment the same preclusive effect it would receive in that state"); Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985) ("[The Full Faith and Credit Act] directs a federal court to refer to the preclusion law of the State in which judgment was rendered."); L.A. Branch NAACP v. L.A. Unified Sch. Dist., 750 F.2d 731, 736 (9th Cir. 1984) ("The state court judgment . . . is entitled to the same preclusive effect in this court as if it would be accorded in a [state] court, whether the effect is one of claim preclusion or issue preclusion."). Therefore, the preclusion law of New

---

[17] See Exhibits F and G.

Hampshire controls for determining whether claims or issues in Plaintiff's Complaint are barred from relitigation.

   C.  <u>New Hampshire Law Bars Relitigation of Plaintiff's Claims in This Court</u>

     Under New Hampshire law, claim preclusion, or res judicata, is a remedy that bars the relitigation of any issue that was, or might have been, raised in respect to the subject matter of the prior litigation. <u>Gray v. Kelly</u>, 161 N.H. 160, 164 (2010) (citing <u>McNair v. McNair</u>, 151 N.H. 343, 352-53 (2004)). "The doctrine of res judicata prevents parties from relitigating matters actually litigated and matters that *could have* been litigated in the first action." <u>Gray</u>, 161 N.H. at 164 (citing <u>Morgenroth & Assoc's v. State</u>, 126 N.H. 266, 269 (1985)). Under claim preclusion, a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action. <u>Riverbend Condo Ass'n v. Groundhog Landscaping & Prop. Maint.</u>, 173 N.H. 372, 375 (2020) (citing <u>Cook v. Sullivan</u>, 149 N.H. 774, 777 (2003)).

     For claim preclusion to apply, three elements must be present: (1) the parties are the same or in privity with one another; (2) the same cause of action was before the court in both instances; and (3) the first action ended with a final judgment on the merits. <u>Gray</u>, 161 N.H. at 164 (citing <u>In re Juvenile 2004-637</u>, 152 N.H. 805, 808 (2005)). The term "cause of action" has been defined as "the right to recover, regardless of the theory of recovery." <u>McNair</u>, 151 N.H. at 353 (quotations omitted). It "refers to all theories on which relief *could* be claimed on the basis of the factual transaction in question." <u>Gray</u>, 161 N.H. at 165 (citing <u>Aubert v. Aubert</u>, 129 N.H. 422, 426 (1987)) (emphasis added).

     Applying the above three-part standard to Count I of the Plaintiff's Complaint, Count I is barred by claim preclusion. (1) The parties named in Plaintiff's complaint are the same or in

privity with one another, Plaintiff Merrill and Defendant OneMain LLC are the parties in the State court proceeding. Plaintiff's allegations against Defendant "OneMain Financial Group, P.C." are illusory because the entity does not exist and has never had any actual dealings with Plaintiff. (2) This cause of action is the same as the one that was and is being litigated in State court. By seeking an order to compel arbitration over the outcome of the State court action, Plaintiff is seeking to relitigate, through arbitration, the same contract-based cause of action for which final judgment has already been entered. See generally Aubert v. Aubert, 129 N.H. 422, 426 (1987) (Noting that the N.H. Supreme Court has "emphasized that a change in labels is not sufficient to remove the preclusive effect of a prior adjudication") (3) The cause of action which Plaintiff seeks to relitigate ended with a final judgment on the merits, specifically the Final Judgment.[18]

The same conclusion applies to Plaintiff's Count II, because those claims could have been raised in the original contract-based action that ended in the Final Judgment. They are now barred by claim preclusion as well.

D. <u>New Hampshire Law Bars Plaintiff from Re-Raising the Issue of Arbitrability</u>

Under New Hampshire law, the doctrine of issue preclusion, or collateral estoppel, bars a party to a prior action, or a person in privity with such a party from relitigating any issue or fact actually litigated and determined in the prior action. For collateral estoppel to apply, "the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared as a party in the first action, or have been in privity with someone who did so." ERG, Inc. v. Barnes, 137 N.H. 186, 188 (1993) (citing Daigle v. City of Portsmouth, 129 N.H. 561, 570 (1987)); see also Warren v.

---

[18] See supra Part III.A

<u>Town of E. Kingston</u>, 145 N.H. 249, 253 (2000). Plaintiff's repeated demands in State Court for an order compelling arbitration satisfies the requirements of issue preclusion and therefore warrants dismissal.

First, the issue is identical: in Plaintiff's Complaint before this court, as in Plaintiff's state court motions and oral arguments,[19] Plaintiff argues for arbitration of all supposedly outstanding claims between Plaintiff and OneMain.[20] There is no material difference between the gist of this action and the issue Plaintiff argued repeatedly in State court.

Second, the arbitrability issue and the underlying debt claims were resolved finally on the merits. In the New Hampshire court system, a "decision on the merits" includes any "order, verdict, opinion, decree, or sentence following a hearing on the merits or trial on the merits and the decision on motions made after such order, verdict, opinion, decree or sentence." N.H. Sup. Ct. R. 3. New Hampshire further clarifies that a "decision on the merits" includes "decisions on motions made after an order, verdict, opinion, decree or sentence." N.H. Sup. Ct. R. 7(1)(C). The term "final" when applied to judgments and orders is not specifically defined in the New Hampshire Supreme or Superior Court Rules, however, the term "final decision on the merits" is used to refer to orders and judgments which are or were appealable,[21] and the term "final judgment" is used to refer to judgments which can no longer be appealed.[22] Applying the above standards to the arbitration issue repeatedly raised by Plaintiff in State court, it is clear that "the first action [in State Court] resolved the issue finally on the merits."[23] Plaintiff filed a motion

---

[19] <u>See</u> Exhibits F and H.
[20] <u>See</u> Pl. Compl. at ¶ 19, describing claims with no more specificity than that Plaintiff "has claims . . . to arbitrate."
[21] <u>See</u>, <u>e.g.</u>, N.H. Sup. Ct. R. 3, defining an "appeal" as an "[a]ppellate review of rulings adverse to a party, after a final decision on the merits in a trial court," and similarly defining a "notice of appeal" as a "notice filed to initiate an appeal from the trial court's final decision on the merits."
[22] <u>See</u>, <u>e.g.</u>, N.H. Super. Ct. R. 46(d), titled "Final Judgment," which states that "all appeals relating to the action shall be deemed waived and final judgment shall be entered" if, *inter alia*, no notice of appeal was filed within the 30 days from the date of the court's written notice of the final judgment.
[23] <u>ERG, Inc. v. Barnes</u>, 137 N.H. 186, 188 (1993).

asking the State court to compel arbitration, raised the issue during argument with the State court, and filed a motion for reconsideration.[24]   The State court conclusively denied all of these attempts.[25] Orders for periodic payments are appealable to the N.H. Supreme Court,[26] but Plaintiff did not file an appeal within the required 30-day time frame. The issue of arbitrability is now a closed issue.

Third, Plaintiff appeared in person and actually litigated the precluded issue of arbitrability, at the hearing for the motion for periodic payments, then argued the issue further in a motion to reconsider.[27] Therefore, even if Plaintiff was found to have stated a claim within Count I not barred by claim preclusion, the issue of arbitrability is still barred by issue preclusion.

## IV.
## This Court Lacks Jurisdiction Over the Subject Matter of Count I

On the Complaint's civil action cover sheet,[28] Plaintiff indicated that the basis of the Court's jurisdiction over the Complaint's supposed subject matter is 28 U.S.C. § 1332, diversity of citizenship. Because the requirements of 28 U.S.C. § 1332 are plainly not met, and because the Complaint itself does not mention diversity of citizenship as a basis for this Court's subject matter jurisdiction, this Memorandum of Law assumes that the indication on the civil action cover sheet is an error and Plaintiff intends to assert only that the court has subject matter jurisdiction through 28 U.S.C. § 1331, federal question jurisdiction.[29]

---

[24] See Exhibits F and H.
[25] See Exhibit F.
[26] See generally, Benjamin v. Manoukian, 2017 N.H. LEXIS 70 (N.H. Sup. Ct., Mar. 24, 2017) (N.H. Supreme Court hears an appeal from an order for periodic payments); Eaton v. White, 2019 N.H. LEXIS 210 (N.H. Sup. Ct., Sep. 12, 2019) (N.H. Supreme Court hears an appeal from an order for periodic payments).
[27] See Exhibits F and G.
[28] Civil Action Cover Sheet, Merrill v. OneMain Financial Group LLC, No. 1:22-cv-00037 (D.N.H. filed Jan. 31, 2022), ECF 1-1.
[29] See Pl. Compl. at ¶ 6.

Plaintiff cites the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, in the Jurisdiction and Venue section of the Complaint. See Pl. Compl. at ¶ 6. Because Plaintiff does not cite the Fair Credit Reporting Act or imply its application elsewhere in the Complaint, and because there is no apparent connection between the Fair Credit Reporting Act and the assertions in Plaintiff's Complaint, this Memorandum of Law will not further address the FCRA as a possible basis for subject matter jurisdiction.

A.  The Federal Arbitration Act Does Not Provide Federal Question Jurisdiction

Though it does not explicitly say so, Count I of the Plaintiff's Complaint is a petition for an order to compel arbitration under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. See Pl.'s Compl. at ¶ 21 (quotes without citation from 9 U.S.C. § 3, which provides related procedural instructions in the event that an issue in a court proceeding might be referable to arbitration). 9 U.S.C. § 4, however, states in relevant part that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, *would have jurisdiction . . . of the subject matter* of the suit arising out of the controversy between the parties, for an order directing that such arbitration proceed.

Id. (emphasis added). The Federal Arbitration Act therefore is "something of an anomaly" in that the FAA "creates a body of federal substantive law" but "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). See Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 581-582 (2008) (The FAA bestows "no federal jurisdiction but rather require[es] an independent jurisdictional basis."). Plaintiff therefore fails to plausibly allege a basis to bring his claim in this Court.

B.  Looking to the "Substantive Controversy Between the Parties" Does Not Provide Subject Matter Jurisdiction Over Plaintiff's Petition to Compel Arbitration Under 9 U.S.C. § 4.

In <u>Vaden v. Discover Bank</u>, 556 U.S. 49 (2009), the Supreme Court held that a "federal court may 'look through' a 9 U.S.C. § 4 petition and order arbitration if, save for the arbitration agreement, the court would have jurisdiction over the substantive controversy between the parties." <u>Id.</u> at 53 (quotations and brackets omitted). In <u>Vaden</u>, the "controversy between the parties" began as an attempt to collect past-due credit card payments in state court: a "garden-variety, state-law-based contract action," <u>Id.</u> at 54. Therefore, the Court found, any "look through" review should have included "the triggering plea--Discover's claim for the balance due on Vaden's account. Given that entirely state-based plea and the established rule that federal-court jurisdiction cannot be invoked on the basis of a defense or counterclaim, the whole 'controversy between the parties' does not qualify for federal-court adjudication." <u>Id.</u>

As in <u>Vaden</u>, the "triggering plea" underlying Plaintiff's Complaint was a "garden-variety, state-law-based contract action." <u>Id.</u>  Thus, neither Plaintiff's Complaint itself nor the underlying controversy provide a basis for federal question jurisdiction such that Count I may be maintained in federal court.

C. <u>Count I Does Not Create Supplemental Jurisdiction.</u>

Count I of Plaintiff's Complaint lacks its own original subject matter jurisdiction, as discussed above, and also lacks supplemental jurisdiction under 28 U.S.C. § 1367. To benefit from supplemental subject matter jurisdiction, a claim lacking original jurisdiction must "form part of the same case or controversy" as another claim which does possess original subject matter jurisdiction. 28 U.S.C. § 1367. The only other claims in Plaintiff's Complaint are those in Count II. <u>See</u> Pl.'s Compl. at ¶ 27-42. However, Plaintiff's Count II claims cannot support Count I's supplemental jurisdiction, for two reasons. First, Count II fails to state a claim upon which relief

can be granted. Fed. R. Civ. P. 12(b)(6).[30] Second, the Court should decline to exercise supplemental jurisdiction over Count I, a petition for an order to compel arbitration, because it "substantially predominates over" Count II. 28 U.S.C. § 1367(c)(2) ("district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."). Count I predominates over Count II because (i) Plaintiff fails to specify actual harm to Plaintiff under Count II beyond a $25 state court filing fee imposed pursuant to New Hampshire Superior Court Rule 45(a)(1) (awarding of costs "shall be allowed as of course to the prevailing party . . . including fees of the court"); (ii) while federal question jurisdiction has no amount in controversy requirement, in context the *de minimis* Count II claims appear as if they were pled only for the purpose of providing Count I with supplemental jurisdiction; (iii) Plaintiff himself emphasizes in the Complaint that Count I is Plaintiff's chief interest.[31]

## IV.
## Plaintiff's Claims in Count II Fail Because OneMain Are Not Debt Collectors

### A. OneMain Are Not Debt Collectors

Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, apply only to debt collectors.[32] Plaintiff makes a general, conclusory statement that OneMain are debt collectors, citing 15 U.S.C. §1692b(6).[33] See Pl. Compl. at ¶ 11. This Memorandum of Law

---

[30] See discussion infra Part IV.

[31] See Pl. Compl. at ¶¶ 19 and 26.

[32] Though Plaintiff misstates the relevant sections of the FDCPA, in substance he asserts that Defendants violated FDCPA's prohibitions on false or misleading representations (See Pl. Compl. at ¶ 35-42) and on the collection of unauthorized fees (See Pl. Compl. at ¶ 28-34). Regarding false or misleading representations, the FDCPA states that "[a] *debt collector* may not use any false, deceptive, or misleading representation or means . . . ." 15 U.S.C. § 1692e (emphasis added). Regarding the collection of unauthorized fees, the FDCPA states that "[a] *debt collector* may not use unfair or unconscionable means . . ." including "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f, § 1692f(1) (emphasis added).

[33] 15 U.S.C. § 1692b(6) describes lower permissible contact by debt collectors with consumers who are known to be represented by counsel.

assumes that Plaintiff intends to refer to 15 U.S.C. § 1692a(6), which defines the term "debt collector."

15 U.S.C. § 1692a(6) defines a debt collector as anyone in "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. OneMain do not fall within this definition, and Merrill does not allege any specific facts to the contrary. Furthermore, originating creditors and assignees of debt—provided the debt was not in default at the time of assignment—are not debt collectors for the purposes of the FDCPA. Faiella v. Green Tree Servicing LLC, 2017 U.S. Dist. LEXIS 20591, at *11 (D.N.H. Feb. 14, 2017) ("The definition of debt collector generally excludes creditors and mortgage assignees who acquire the loan before it enters default."); Crepeau v. JP Morgan Chase Bank, N.A., 2011 U.S. Dist. LEXIS 150341 at *5 (D.N.H. Dec. 5, 2011) (The "term 'debt collector' does not include consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned"); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) ("The FDCPA's provisions generally apply only to 'debt collectors.' Creditors--as opposed to 'debt collectors'--generally are not subject to the FDCPA.")

B.  Award of Costs to Defendants for Bad Faith FDCPA Claims

The FDCPA specifies at 15 U.S.C. § 1692k(a)(3) that, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court

may award to the defendant attorney's fees reasonable in relation to the work expended and

costs." In context, Plaintiff's generic allegations of FDCPA violations and attempts to relitigate

matters already concluded constitute bad faith and harassment warranting an award of costs and

fees to OneMain.

## V.
### Conclusion

Plaintiff seeks to relitigate in this Court the same issue he raised and lost in the State

court.  With all due respect, this Court is not the proper forum for relitigating arbitrability, a

defense Plaintiff clearly waived.  This Court lacks jurisdiction for most or all of the purported

subject matter. Furthermore, Plaintiff's Complaint fails to meet the Twombly/Iqbal standard for a

well-pleaded complaint.[34] The Complaint does not contain specific facts sufficient to indicate

that Plaintiff retains any right to arbitration, or that OneMain is subject to the FDCPA as a debt

collector.

WHEREFORE, Defendants OneMain Financial, LLC and OneMain Financial, P.C. respectfully

request that this honorable Court:

A.  Dismiss Plaintiff's Complaint;

B.  Award them their costs and attorneys' fees incurred in responding to Plaintiff's

Complaint, in an amount to be determined in a subsequent proceeding; and

C.  Grant such additional relief as the Court deems necessary.

---

[34] See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009)

Respectfully submitted,

OneMain Financial, LLC and
OneMain Financial, P.C.

By their Attorneys,

Sheehan Phinney Bass & Green, P.A.

Dated: April 12, 2022                    /s/ James P. Harris
                                         James P. Harris (#15336)
                                         1000 Elm Street
                                         P.O. Box 3701
                                         Manchester, NH 03105-3701
                                         603-627-8152
                                         jharris@sheehan.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court's electronic filing
system, which will provide a copy to counsel of record.

Dated:  April 12, 2022                   */s/ James P. Harris*
                                         James P. Harris